# Draper *v.* Blackwell & Keith.

*Bill in Equity by Creditors of a Bank to make Stockholder Liable.*

1. *Banks and banking; right of bank to purchase its own stock.* In the absence of statutory restriction, a solvent banking corporation, not contemplating insolvency or dissolution, may purchase its own stock in payment of a previously existing debt due it from its stockholders; and such purchase does not necessarily operate to withdraw the purchased shares of stock from the capital stock of the corporation, nor does it constitute a fraud on the creditors.

2. *Same; right of creditor of bank to hold stockholder of bank liable for sale of its stock to bank in payment of debt.*—Where a bill in equity filed by creditors of a bank incorporated under the laws of this State, which avers that, under a resolution adopted by the board of directors of said bank, authorizing payment of indebtedness to the bank, one of the officers and stockholders of said bank surrendered to it a certain number of shares of the stock in payment of a pre-existing debt, and that thereby the bank withdrew from its capital stock such shares so surrendered, but which fails to aver that at the time of the transaction complained of, the bank was insolvent or that the directors in passing the resolution, authorizing such surrender of its capital stock, had in contemplation the occurrence of the banks' insolvency, such bill is without equity, and is subject to demurrer.

APPEAL from the City Court of Anniston, in Equity.

Heard before the Hon. JAMES W. LAPSLEY.

The bill in this case was filed by the appellees, Blackwell & Keith, a partnership, composed of D. C. Black-

[Draper v. Blackwell & Keith.]

well and Lucien Keith, and D. C. Blackwell, individually, against the appellant, James R. Draper.

The purpose of the bill and the facts averred therein are sufficiently stated in the opinion.

The prayer of the bill was "that the transactions between the defendant, Draper, and the bank be held invalid as against the complainants and that said Draper be required to pay complainants said judgments and the costs and interest thereon. There was also a prayer for general relief.

The defendant demurred to the bill, among others, upon the following grounds: (1) Said bill is insufficient in law, for that it is not alleged therein when complainants became creditors of said bank, whether before or after the transaction which it is alleged constituted a fraud on its creditors. (2) For that it is not alleged that said bank was insolvent, or that the directors of said bank knew that it was insolvent, or could have known that it was insolvent by use of proper diligence and care on their part, at the time complainants became creditors of said bank. (3) For that it is not sufficiently alleged in said bill that complainants were induced to become creditors of said bank by a false or fraudulent statement of its condition. The defendant also moved to dismiss the bill for a want of equity. Upon the submission of the cause, upon demurrer and motion, the chancellor rendered a decree overruling each of them. The defendant answered the bill and testimony was taken. On a final submission of the cause, upon pleadings and proof, the chancellor rendered a decree, granting the relief prayed for and ordered accordingly.

The defendant appeals and assigns as error the decree overruling defendant's motion to dismiss the bill for a want of equity and overruling the demurrer, and the final decree granting the relief prayed.

MATTHEWS and WHITESIDE, for appellant, cited Boone on the Law of Banking, § 95; 1 Cook on Corporations, §§ 282-314; *Hall v. Henderson,* 126 Ala. 449; 28 So. Rep. 539; *Glenn v. Hatchett,* 91 Ala. 319; *Scoval v. Thayer,* 105 U. S. 143.

BLACKWELL & KEITH and LEE HANNA, *contra.*

[Draper v. Blackwell & Keith.]

SHARPE, J.—In the absence of statutory restriction a solvent banking corporation, not contemplating insolvency or dissolution, may purchase its own stock in payment of a previously existing debt due from its stockholder.—Morse on Banking, § 716; Zane on Banking, § 119; Boone on Banking, § 218. Such a purchase does not necessarily operate to withdraw the purchased shares from the capital stock of the corporation or as a fraud on creditors. The shares when so taken and transferred become the property of the bank, and may be resold or held for the benefit of creditors and the remaining stockholders together with any dividends that may be earned on it.—Boone on Banking, § 218; *Taylor v. Miami Ex. Co.,* 6 Ohio, 176.

In this case complainants seek to hold the defendant liable for debts due them as depositors from a bank incorporated pursuant to the laws of this State as the Bank of Anniston and which made a general assignment for creditors September 28, 1898. By the bill it is alleged in substance that on January 27th, 1894, the bank by its board of directors, "undertook to withdraw from its capital stock 287 shares of the par value of $100 each, and thereby reduced the assets of said bank and its capital stock in an amount equal to the value of said shares at $92 per share;" that this was done without notice to the public or its customers or creditors "under the following resolution, adopted by the board on Jan. 27th, 1894, to-wit. 'Now be it resolved, first, that any stockholder who is indebted to the bank is hereby authorized to pay not exceeding 75 per cent of his debt, by transferring and assigning enough of his stock at ninety-two (92) dollars per share, to pay said amount, and the cashier is authorized to credit the same upon such debt or debts." It is further alleged that at that time defendant was a stockholder and director in the bank and participated in the passage of the resolution, that a firm of which he was a member then owed the bank about $4,150 by three note, dated November 4th, 1893 due, in sixty or ninety days and indorsed by defendant; that under the resolution defendant "turned into said bank forty-two shares of his stock at $92 per share, and among other things obtained therefor said three notes, and thereby withdrew

from the capital stock of said bank that amount." Further, it is alleged that about November, 1897, the bank published a statement showing its capital stock to be $78,950, which sum included 287 shares which had been surrendered to the bank in January, 1894, under the resolution referred to, without which surrendered shares the capital stock was only about $50,000; that the withdrawal of the 287 shares under the resolution was a fraud on the existing creditors of the bank and those who became creditors subsequently without knowledge of the fact, and that complainants had no knowledge of any reduction of the capital stock until after the bank assigned. It is nowhere alleged or shown by the bill that at the time of the transactions complained of the bank was insolvent, or that the directors, in passing and acting under the resolution of January, 1894, had in comtemplation the occurrence of the bank's insolvency, or of the assignment which occurred more than four years later.

Applying the principles stated in the authorities above referred to, it will be seen that the facts alleged as effecting a reduction of the capital stock of the bank do not show there was in fact a reduction of the stock, or that the acceptance of shares held by defendant and others in payment of debts due the bank involved any illegality or operated in any way to defraud or even injure complainants.

The bill is without equity. The decree appealed from will be reversed, and a decree will be here rendered dismissing the bill.

Reversed and rendered.